HARRY RICH, PLAINTIFF-RESPONDENT, v. INTER-CITY TRANSPORTATION COMPANY, DEFENDANT-APPEL-LANT.

Submitted October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD and CASE.

For the plaintiff-respondent, *Dominick Marconi.*

For the defendant-appellant, *William V. Rosenkrans.*

PER CURIAM.

This action arises out of a collision between plaintiff's automobile and defendant's bus at a street intersection in the borough of Rutherford. The judge, sitting without a jury, rendered judgment for the plaintiff.

Of the several points sought to be made by the defendant on its appeal we find substance in none except the second, which is that the court erred in reaching a conclusion based on a factual finding not supported by the evidence. The questioned part of the court's finding is as follows:

"I don't think the bus driver could see the light at any point after he had passed the point on a line with the bench, unless he stooped low, because the court is familiar with the construction of the bus and knows the sun visor that they have on, and at this particular location, where the bus is coming down hill, I don't think that he could see that light at any time after he passed Raymond avenue, unless he stooped low to look up. The court will therefore find in favor of the plaintiff for $500."

The assumed knowledge upon which the court relied in thus discarding the relevant and material testimony of the bus driver was not obtained from the evidence. Plaintiff's contention on the point is that the defendant becomes "frivolous when it argues that the judge cannot use, in arriving at his decision, knowledge general to persons in the locality where the collision occurred and where the trial was had, because the judge should have first been sworn as a witness to be allowed to use such knowledge." We think that the defendant's argument is not frivolous. It is not apparent that the knowledge was general to persons in the locality or elsewhere. It would indeed be difficult for a party litigant to prepare or to conduct his case if the issue could be disposed of an adverse factual conceptions resting silently in the court's mind and arising entirely outside the walls of the court room. Against such a situation the party, because ignorant of its existence, is powerless to combat. The common law oath to a juror "well and truly to try the issue between the parties and a true verdict to give *according to the evidence*" (see 3 *Blacks. Com.* 365) is closely followed in the present statutory oath to a District Court juror that he "will well and truly try the matter in difference * * * and a true verdict give according to the evidence" (An act concerning District Courts—Revision of 1898—section 157, *Pamph. L.* 1898, *p.* 615).

The judge was sitting without a jury, but we know of no latitude that permitted him to reach a judgment except according to the evidence. Courts may take judicial notice of facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence, and jurors may exercise their knowledge of human nature in determining the truthfulness or untruthfulness of a witness; but the present instance is not one of such.

Even where a view of premises, under legislative or judicial authority, has been had by a jury the Court of Errors and Appeals has held that the appeal should be decided upon what appears in the record (*Garland* v. *Furst Store,* 93 *N. J. L.* 127, 137; 107 *Atl. Rep.* 38), and that the mental impressions received by a jury under such circumstances are not to be

taken as evidence adduced in court. *State Highway Commission* v. *Lincoln Terminal Corp.* (*Court of Errors and Appeals*), 110 *N. J. L.* 190; 164 *Atl. Rep.* 476.

The pivotal fact question in the instant case was what colors were shown by the traffic light as the vehicles of the respective parties entered upon the street intersection. The defendant's driver had testified that as he entered upon the intersection the light from his direction was green. We think that the court erred in basing its disbelief of that testimony upon the physical arrangement of the sun visor on the defendant's bus in relation to the grade of the highway and the position of the light—conditions that were not disclosed by the evidence and concerning which the court assumed to have knowledge from sources foreign to the case.

The judgment below will be reversed and a *venire de novo* will issue, costs to abide the event.